**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EBELIN NOEMI MANZANARES-GUIDO,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-03869-SP<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITION** |

**I.**

**INTRODUCTION**

On July 13, 2026, petitioner Ebelin Noemi Manzanares-Guido, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet.") supported by her declaration ("P. Decl.") and exhibits. Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner contends her detention violates her right to procedural and substantive due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody and other injunctive relief.

On July 20, 2026, respondents filed an Answer supported by the declaration of Sheng-Wen Desmond Jui ("Jui Decl.") and an exhibit. Docket no. 9. Petitioner filed a

Reply supported by the declaration of Boden Samuel Stringer and exhibits on August 7, 2026. Docket no. 12.

For the reasons discussed below, the court denies the Petition.

**II.**

**BACKGROUND**

Petitioner is a native and citizen of Nicaragua who entered the United States on December 10, 2022, and was apprehended at the border. Pet. ¶ 7.[1] Petitioner was released that same day on conditional humanitarian parole. P. Decl. ¶ 5. Petitioner has resided continuously in the United States since then and complied with all the conditions of her release. *Id*. ¶¶ 2, 6. Petitioner filed an application for asylum and received work authorization. *Id*. ¶ 6; Pet. ¶¶ 3, 13.

Petitioner has family in Los Angeles and was employed. Pet. ¶¶ 8, 10. Petitioner has no criminal history. P. Decl. ¶ 4.

On April 16, 2026, ICE agents arrested petitioner at a routine ICE check-in. Pet. ¶¶ 2, 15-16; P. Decl. ¶ 3. Petitioner did not have prior notice that she would be detained and was not provided an individualized custody redetermination. Pet. ¶ 2.

Petitioner filed a habeas petition on April 21, 2026, *Manzanares Guido v. Mullin*, case number 5:26-cv-02022 (the "April 2026 petition"). Reply, Ex. B. In the April 2026 petition, petitioner raised two claims: (1) she was improperly classified under 8 U.S.C. § 1225(b)(2) rather than § 1226(a); and (2) her detention without a bond hearing violated procedural due process. *See id.* ¶¶ 33-39. The April 2026 petition alleged petitioner entered without inspection and did not mention that petitioner was released into the United States on humanitarian parole. *See id*. Accordingly, based on the facts alleged,

---

[1] The Petition is signed only by petitioner's counsel and is not verified by petitioner. The court presumes the facts alleged in the Petition but that are not in petitioner's declaration are accurate: (1) for the purposes of Part II of this opinion and if not disputed by respondents; (2) if supported by documents or other evidence in the record; or (3) if the information could have been within counsel's personal knowledge.

the court determined petitioner was a member of Bond Eligible class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), and ordered respondents to provide petitioner with a bond hearing.[2] *See* case no. 5:26-cv-02022, docket no. 12.

On June 30, 2026, an immigration judge determined petitioner was a flight risk and denied bond. Jui Decl., Ex. 1.

On August 19, 2026, an immigration judge ordered petitioner to be removed. *See* https://acis.eoir.justice.gov/en/. As of the date of this Order, there is no indication that petitioner has filed an appeal of the removal order. *See id*.

## III.

## DISCUSSION

Petitioner raises two grounds for relief, that her detention violates: (1) her right to procedural due process under the Fifth Amendment; and (2) her right to substantive due process under the Fifth Amendment. *See* Pet. ¶¶ 95-105. Respondents argue the Petition should be denied because it is barred by the abuse of the writ doctrine. *See* Answer.

### A. The Court Has Jurisdiction Over the Petition

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues she should be released because her detention violates the

[2] The Bond Eligible Class certified in *Bautista* is defined to include: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127.

Due Process Clause of the Fifth Amendment. *See* Pet. ¶¶ 95-105. She has therefore properly invoked this court's habeas jurisdiction.

The Immigration and Nationality Act contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because petitioner is challenging her detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B. <u>The Abuse of the Writ Doctrine Bars this Petition</u>**

Respondents argue the petitioner should be dismissed under the abuse of the writ doctrine because it is a successive petition. Answer at 4-6. The court agrees.

"The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo v. U.S.*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quoting *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998)). Under this doctrine, a successive petition that raises identical grounds for relief or claims that could have been raised in a prior habeas petition must be dismissed unless the petitioner can show "(1) cause for bringing a successive petition and

that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.*

When a petitioner files a second or successive habeas petition, the government bears the burden of pleading abuse of the writ. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see Yu v. Warden*, 2026 WL 1972560, at *3 (E.D. Cal. July 8, 2026). The government satisfies this burden by, "with clarity and particularity," showing petitioner's prior writ history, identifying the claims that appear for the first time, and alleging that petitioner has abused the writ. *McCleskey*, 499 U.S. at 494; *see Sossa Azogue de Cuellar v. D.H.S.*, 2026 WL 2123014, at *2 (W.D. Wash. Jul. 23, 2026). If the government satisfies its burden, the burden then shifts to petitioner show cause for failing to raise the claim in the prior petition and prejudice, or that a fundamental miscarriage of justice would result from the court's failure to entertain the claim. *McCleskey*, 499 U.S. at 494-95.

Respondents have met their burden here. Respondents recount that petitioner filed the April 2026 petition alleging violations of 8 U.S.C. § 1226(a) and procedural due process for failure to provide her a § 1226(a) bond hearing. Answer at 2-3. Respondents then identify the claims in the instant Petition – procedural and substantive due process claims stemming from respondents' failure to provide a pre-deprivation bond hearing. *Id*. at 3-4. Finally, respondents allege the Petition is an abuse of the writ because the factual predicate underlying the claims in the Petition existed at the time of the filing of the April 2026 petition. *Id*. at 4-6. Petitioner therefore could have raised these claims in the April 2026 petition, but failed to do so.

The burden therefore shifts to petitioner. Petitioner does not dispute respondents' contention that the claims in this Petition rest on the same factual predicate. Instead, petitioner argues this Petition raises fundamentally different grounds for relief, and that even if the grounds are the same or could have been raise in the April 2026 petition, there is cause for bringing the second petition and prejudice would result if it were not

considered. Reply at 3. Petitioner also asserts a fundamental miscarriage of justice would result from failure to entertain the claims. *Id.* Petitioner fails to meet her burden.[3]

First, it is irrelevant that the grounds for relief raised in the Petition are different than those in the April 2026 petition. The question is whether the claims could have been raised in the April 2026 petition. The procedural and substantive due process claims raised in this Petition were ripe when petitioner filed the April 2026 petition. *See Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023) (to determine whether a claim is second or successive, the court looks to whether the claim was ripe at the time of the first petition). Thus, petitioner had the opportunity to raise them in the earlier petition.

Petitioner then argues there is cause for bringing this second Petition based on ineffective assistance of prior counsel. Reply at 4. Ineffective assistance of counsel constitutes cause only if it rises to the level of a constitutional violation. *See McCleskey*, 499 F.3d at 493; *see also Thepsombandith v. Almagar*, 2009 WL 4405300, at *5 (S.D. Cal. Dec. 2, 2009). The court need not reach the question of whether there is cause here, because in any event petitioner cannot show prejudice or a fundamental miscarriage of justice if the court does not entertain the Petition. This is because petitioner is now subject to mandatory detention.

ICE's authority to detain and remove a noncitizen subject to a final order of removal derives from 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231. After a final order of removal has been issued, the government has a 90-day period to remove the noncitizen from the country, during which detention is mandatory. 8 U.S.C. § 1231(a)(1)-(2). Pursuant to the EOIR website, on August 19, 2026, an immigration judge ordered petitioner to be removed and petitioner did not file a notice of appeal to the Board of Immigration Appeals ("BIA") within 30 days. 8 C.F.R. § 1241.1(c) (removal order becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does

---

[3] Petitioner also raises for the first time in the Reply that the June 30, 2026 bond hearing was constitutionally inadequate. Reply at 5-6. The court will not consider an argument that was not raised in the Petition.

not file an appeal within that time"); 8 C.F.R. § 1003.38(b) (2022) (allowing "30 calendar days" for filing a notice of appeal to the BIA); *see Amica Ctr. for Immigr. Rts. v. Exec. Off. for Immigr. Review*, 822 F. Supp. 3d 119 (D.D.C. 2026) (substantive changes to the appellate procedures for the BIA, including shortening the time to appeal to 10 days, are invalid). Petitioner's removal order therefore became final on September 18, 2026, making detention is mandatory for 90 days, until December 17, 2026.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition without prejudice.

DATED: September 23, 2026

SHERI PYM
United States Magistrate Judge